**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **JAY MOREL,**<br><br>Plaintiff,<br><br>**v.**<br><br>**INFINITE COMPUTER SOLUTIONS, INC. et al,**<br><br>Defendants. | No. 26-cv-01723-WJM-MAH<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

Before the Court is Defendant Kyndryl, Inc.'s ("Kyndryl") Motion to Dismiss Counts V-VII of the Amended Complaint, ECF No. 19, pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 21 ("Motion"). The Court previously dismissed Plaintiff's Complaint but granted Plaintiff leave to amend. ECF No. 15, 2026 WL 1430069 (D.N.J. May 21, 2026) ("First Opinion"). The Motion is fully briefed, and the Court declines to hold oral argument. Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Motion is **DENIED**.

## I. BACKGROUND

The Court assumes familiarity with the underlying facts of the case based on the First Opinion and sets forth only what is necessary for the disposition of the Motion. Previously, the Court granted Kyndryl's motion to dismiss because Plaintiff failed to allege a non-conclusory contractual relationship between himself and Kyndryl. First Op. 5. Now, the Amended Complaint states that a few weeks before Plaintiff was terminated, during a performance review, a Kyndryl employee indicated that Kyndryl "was happy with Plaintiff's performance" and that it "intended to extend his employment contract." Am. Compl. ¶ 39(n). Moreover, Plaintiff now alleges that the same Kyndryl employee informed Plaintiff that Kyndryl "no longer intended to extend his employment contract" after he requested reasonable accommodations. *Id.* ¶¶ 39(h), 39(s). After this meeting, Plaintiff alleges that ICS told Plaintiff that Kyndryl "was not renewing his employment contract" and that ICS itself "did not provide Plaintiff with any other employment" and "thereby terminated Plaintiff's employment. *Id.* ¶¶ 39(t), 39(u).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The

moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). Courts must "accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable" to the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Although courts "may not consider matters extraneous to the pleadings," courts can consider a "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). The factual allegations must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court "may disregard any legal conclusions." *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016).

## III. DISCUSSION

Below, the Court explains how the Amended Complaint cures the deficiencies identified in the First Opinion, such that Plaintiff now plausibly states a claim of contract-based discrimination in violation of N.J.S.A. 10:5-12(l). Am. Compl. ¶¶ 50-53. The Court has jurisdiction under 28 U.S.C. § 1332(a).

As an initial matter, Plaintiff inadvertently maintained his claim for equitable relief, Count VII, and purports to voluntarily dismiss the claim in his Opposition. ECF No. 26 ("Opposition"), at 2. As this request involves dismissal of one claim of a multi-count complaint, the Court construes it as an application under Rule 15. *See Dirauf v.* Berger, 506 F. Supp. 3d 254, 263-64 (D.N.J. 2020). Under Rule 15(a)(2), the Court must determine whether amendment would prejudice the Defendant. *Cornell & Co., Inc. v. Occupational Safety and Health Rev. Comm'n*, 573 F.2d 820, 823-24 (3d Cir. 1978). Here, amendment would not prejudice any party, given this case has already proceeded into discovery, no party wishes to maintain the standalone equitable relief claim, and Plaintiff already seeks equitable relief in connection with his other claims. Accordingly, the Court **GRANTS** the application, and the Amended Complaint is modified such that Count VII is **DISMISSED WITHOUT PREJUDICE**.

Turning to the heart of the Motion, Plaintiff's two claims of contract-based discrimination, Mot. 4-6, the sole question is whether Plaintiff has pled either a direct contractual relationship with Kyndryl or a refusal to contract with Plaintiff for discriminatory reasons. *See Rowan v. Hartford Plaza Ltd.*, No. A-0107-11T3, 2013 WL 1350095, at *10 (N.J. Super. Ct. App. Div. Apr. 5, 2013) (recognizing that N.J.S.A. 10:5-12(l) prohibits refusal to contract and refusal to continue to contract based on protected classifications).

Although the Amended Complaint still refers to a contractual relationship between Plaintiff and Kyndryl in a largely conclusory manner, Plaintiff now includes sufficient factual allegations to survive a motion to dismiss and plausibly allege a contractual relationship, or refusal to contract, between Plaintiff and Kyndryl. In particular, the Amended Complaint refers to two employment agreements—one between Plaintiff and Kyndryl, and one between Plaintiff and ICS—distinguishing the Amended Complaint from the first Complaint. *Contrast* Am. Compl. ¶¶ 39(t), 39(u), *with* First Op. 1, 5. Moreover,

the Amended Complaint adds factual allegations that a Kyndryl employee expressed satisfaction with Plaintiff's performance and an intent to "extend his employment contract" before Plaintiff requested accommodations, *id.* ¶¶ 39(d), 39(n), while the first Complaint failed to provide this specificity. First Op. 5. Kyndryl's about-face about extending Plaintiff's employment contract plausibly supports an inference of refusal to contract based on protected conduct when viewed in a light most favorable to Plaintiff. *See Wright v. Northampton Cmty. Coll.*, No. 18-cv-02976, 2020 WL 3050707, at *8 (E.D. Pa. June 8, 2020) (recognizing in a federal discrimination case that "an adverse employment action following positive performance reviews can give rise to an inference of discrimination when taken together with other factors"). Indeed, Defendant itself in reply acknowledges that the Amended Complaint includes allegations "that Kyndryl contracted with Plaintiff to perform employment services through ICS," referring explicitly to a contract between Kyndryl and Plaintiff. ECF No. 28, ("Reply"), at 4. Rule 8 does not require more to plausibly state either a direct contractual relationship between Plaintiff and Kyndryl or the refusal to enter into a contract for discriminatory reasons.

Lastly, Defendant's main arguments in support of dismissal are unavailing. It would be improper to require Plaintiff to plead the exact details of a contract that he may not possess, Mot. 5, where the contract (if it exists) is surely within Kyndryl's possession. *See Wood v. New Jersey*, No. 13-cv-02453, 2016 WL 4544337, at *5 (D.N.J. Aug. 31, 2016) (concluding that Plaintiff stated a claim where his "access to critical information to support his claims" was limited and the information sought was "presently possessed and controlled by Defendants"). At this stage, the Court cannot determine whether the relationship between Plaintiff, Kyndryl, and ICS was "a staffing arrangement" or something more. Reply 5. As to Plaintiff's separate theories of employment discrimination and contract-based discrimination, Rule 8 permits pleading in the alternative. *See Azubuko v. E. Bank*, 160 F. App'x 143, 145 n.3 (3d Cir. 2005) (per curiam) (permitting alternative pleading while noting the inability for the plaintiff to recover under inconsistent theories of liability). If, in fact, Plaintiff through discovery cannot establish the elements of a contract, Defendant may seek leave to file an appropriate motion. But at this stage, Plaintiff has pled "enough facts to raise a reasonable expectation that discovery will reveal evidence" to support his claims. *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556).

## IV. CONCLUSION

For these reasons, the Motion is **DENIED**, and the Amended Complaint is modified such that Count VII is **DISMISSED WITHOUT PREJUDICE**. An appropriate order follows.

**DATE:** August 4, 2026

**WILLIAM J. MARTINI, U.S.D.J.**